IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ENRICO FABIANO LANZA,<br>　　　Petitioner,<br>　　　v.<br><br>DISTRICT ATTORNEY OF<br>DELAWARE COUNTY, et al.,<br>　　　Respondents. | :<br>:<br>:　　CIVIL ACTION NO. 12-5528<br>:<br>:<br>:<br>:<br>: |

### ORDER

**AND NOW**, this 7th day of April 2014, upon careful and independent consideration of the *pro se* Petition for Writ of Habeas Corpus [Doc. No. 1], the response thereto [Doc. No. 7], and the records presented, and upon review of the Report and Recommendation ("R & R") of Magistrate Judge Rueter [Doc. No. 9] and Petitioner's objections thereto [Doc. No. 13], it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED** in part, but contrary to the recommendation set forth therein, the Court reaches the merits of Petitioner's sufficiency of the evidence to support conviction claim;[1]

---

[1] The petition alleged one ground for relief: "weapon found—denial of due prosses [sic]. No fingerprints or DNA linking me to the gun that was found." Unsure whether Petitioner was asserting a claim for insufficient evidence to support a conviction or a challenge to the deadly weapon sentencing enhancement imposed, the Commonwealth briefed both issues. The Commonwealth argued that Petitioner's state court appeals had not challenged the sufficiency of the evidence supporting his conviction for possession of an instrument of crime, and thus the issue had not been exhausted as required by 28 U.S.C. §2254 and was not properly before this Court. The Commonwealth then argued that if the claim is a challenge to the deadly weapon sentencing enhancement imposed, it is a challenge to the state court's application of state law, and is not cognizable in federal court.
　Upon review of the record, Magistrate Judge Rueter agreed with the Commonwealth's position that petitioner had never challenged the sufficiency of evidence supporting the conviction for possessing an instrument of crime on appeal in the state courts, and thus he interpreted the petition as a challenge to the sentencing enhancement, which claim was exhausted. He then recommended denying relief on this basis, as it was a state law claim not cognizable in a federal habeas proceeding. The Court agrees that to the extent that petitioner challenges his sentence, the claim is not cognizable for the reasons set forth in the R & R.
　In his objections to the R & R, Petitioner argues that he intended to challenge both the sufficiency of the trial evidence regarding his possession of an instrument of crime during a robbery *and* the trial

2. Petitioner's petition for writ of habeas corpus is **DENIED**;

3. There is no probable cause to issue a certificate of appealability; and

4. The Clerk of Court is directed to **CLOSE** this case.

It is so **ORDERED**.

BY THE COURT:

_____
CYNTHIA M. RUFE, J.

---

judge's application of a weapons enhancement during sentencing, as they are related issues. The Court will review *de novo* the "portion[] of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

The R & R concluded that Petitioner had failed to exhaust the sufficiency of the evidence claim in state court. However, this Court has doubts as to whether the claims are indeed unexhausted. On direct appeal, the Pennsylvania Superior Court indicated that appellant had raised the issue of "whether the Commonwealth established that a weapon was possessed or used during the course of the robbery." *Commonwealth v. Lanza*, No. 56 EDA 2010, slip op. at 2 (Pa. Super. Ct. March 9, 2011). On PCRA review, the Superior Court wrote: "Specifically, [Lanza] argues that the Commonwealth failed to prove that he possessed a weapon to support his conviction of PIC. This same argument was raised and deemed meritless by [Superior] Court on direct appeal, albeit in the context of a challenge to the court's imposition of the deadly weapon enhancement in sentencing Appellant. Accordingly, we conclude that Appellant's underlying issue lacks arguable merit and/or was previously litigated, thereby prohibiting PCRA relief." *Commonwealth v. Lanza*, No.2480 EDA 2012, slip op. at 8 (Pa. Super. Ct. July 8, 2013) (internal citation omitted). From the text of these two opinions, it appears that Petitioner's claim regarding the insufficiency of the evidence may have been fairly presented to the state court. However, the Court need not decide conclusively whether this claim was exhausted, as "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

When claims presented in a federal habeas petition have been decided on the merits in state court, a district court cannot grant relief unless the adjudication of the issue in state court resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, or resulted in a decision based on an unreasonable determination of facts in light of the evidence. 28 U.S.C. § 2254.

Here, Petitioner argues that his conviction for possession of an instrument of crime was unreasonable in light of the evidence. The Court finds that the evidence presented at trial was sufficient to support a conviction for possession of an instrument of crime. At trial, the jury heard evidence that during the course of a robbery at a Wawa store, Petitioner displayed to the cashier the butt of what appeared to be a handgun and threatened to blow her head off. The cashier testified that she was familiar with guns and believed it was a real handgun. A short time after the robbery, police discovered an air-powered BB gun, which closely resembled a real handgun, directly next door to the Wawa, in the direction Petitioner had fled. Petitioner was arrested nearby shortly thereafter. *Commonwealth v. Lanza*, No. 56 EDA 2010, slip op. at 1 (Pa. Super. Ct. March 9, 2011). Based on this evidence, a reasonable jury could find that Petitioner used an instrument of crime during the robbery. The Court rejects Petitioner's argument that such a finding was *per se* unreasonable due to the Commonwealth's failure to present fingerprint or DNA evidence tying him to the gun.

2